JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

L. SKYE DAVIS (NYBN 3994076)
Special Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3771
    Facsimile: (510) 637-3724
    E-Mail: skye.davis@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> TOMMY ANDRE GATES, <br>    a/k/a Tommy Gates Jr., <br>    a/k/a Tommy Andre Gates Jr., <br><br>     Defendant. | No. CR-10-00039 SBA <br><br> [~~PROPOSED~~] ORDER DETAINING DEFENDANT TOMMY ANDRE GATES PENDING TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT <br><br> Date:   February 1, 2010 <br> Time:   10:00 a.m. <br> Court:  Hon. Laurel Beeler |

I.  DETENTION ORDER

Defendant Tommy Andre Gates is charged in a three-count indictment with, (1) Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); (2) Possession of Firearm in Furtherance of Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I); and (3) being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g). On January 26, 2010, the United States moved

[~~PROPOSED~~] ORDER RE: DETENTION AND TIME EXCLUSION
CR-10-00039 SBA (LB)         1

for defendant's detention pursuant to 18 U.S.C. § 3142(f)(1)(B) (because the crime is an offense for which the maximum sentence is life imprisonment or death) and (f)(2)(1)(E) (because the crime is a felony that involves the possession or use of a firearm), and subsequently asked for a detention hearing in three days, as permitted by section 3142(f).  Following a hearing under 18 U.S.C. § 3142(f), and considering the parties' proffer, the criminal history study, and the factors set forth in section 3142(g), the Court finds clear and convincing evidence that Gates is a danger to the community and a preponderance of the evidence that he is a serious risk of flight and that no condition or combination of conditions in section 3142(c) will reasonably assure his appearance in this case or the safety of any other person or the community.  *See* 18 U.S.C. § 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

   Gates' offense falls under 18 U.S.C. § 924(c), which creates a rebuttable presumption in this case that no conditions or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because probable cause exists to be believe that defendant committed the instant offense.  Specifically, Gates' offense involved the possession of a loaded 12 gauge shotgun, a 9 mm assault pistol with all markings, including the serial number obliterated, and over 1 kilogram of marijuana.  He also has an extensive history of DUI convictions and at least one conviction for possession of a controlled substance.  These facts establish a danger to the community.  Gates has failed to appear at 18 court appearances, and his probation has been revoked on 13 occasions.  This, combined with the continued alcohol-related driving charges show poor judgment, which raises concern about flight risk and the ability to comply with any conditions of release that the Court might set.

   Gates did not request a full bail study at this time, such as an interview by Pretrial Services. *See 18* U.S.C. § 3142(f) (a defendant has the right at a section 3142(f) hearing to, with the assistance of counsel, testify, present witnesses, cross-examine adverse witnesses, and present information by proffer or otherwise), and did not make a proffer at the hearing.  Gates expressly retained his right to raise any additional relevant information at a later hearing.

## II.  SPEEDY TRIAL ACT

   At the hearing, at the request of defense counsel and with the agreement of the

government, the Court excluded time under the Speedy Trial Act, 18 U.S.C. § 3161, from February 1, 2010, to March 2, 2010, to enable the defense to review discovery produced by the United States.  The Court found that (A) failure to grant the requested continuance would unreasonably deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and (B) the ends of justice served by excluding the period from February 1, 2010, to March 2, 2010, outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv).

### III.  CONCLUSION

Time is excluded under the Speedy Trial Act between February 1, 2010 and March 2, 2010.

The Court detains Gates as a danger to the community and as a serious flight risk.  Because Gates waived his right to present information under 3142(f) without prejudice to raising any relevant information at a later hearing, the Court orders that the hearing may be reopened at Gates' request at any future time.

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  *See* 18 U.S.C. § 3142(i)(2).  The defendant must be afforded a reasonable opportunity to consult privately with counsel.  *See id.* § 3142(i)(3).  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance.  *See id.* § 3142(i)(4).

IT IS SO ORDERED

DATED: February  2 , 2010

/s/ Laurel Beeler
LAUREL BEELER
United States Magistrate Judge

[PROPOSED] ORDER RE: DETENTION AND TIME EXCLUSION
CR-10-00039 SBA (LB)                                                3