1  BARRY J. PORTMAN
   Federal Public Defender
2  ANGELA M. HANSEN
   Assistant Federal Public Defender
3  555 - 12th Street, Suite 650
   Oakland, CA 94607-3627
4  Telephone: (510) 637-3500

5  Counsel for Defendant GATES

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                          OAKLAND DIVISION

10 UNITED STATES OF AMERICA,       )   No. CR-10-00039 SBA
                                   )
11         Plaintiff,               )   STIPULATED REQUEST TO CONTINUE
                                   )   HEARING DATE TO JUNE 15, 2010 AND
12    v.                           )   TO EXCLUDE TIME UNDER THE
                                   )   SPEEDY TRIAL ACT AND [PROPOSED]
13                                 )   ORDER
   TOMMY ANDRE GATES,              )
14                                 )
           Defendant.               )   Hearing Date: May 4, 2010
15                                 )   Time:         9:00 a.m.
   _____ )

16

17     The above-captioned matter is set on May 4, 2010 before this Court for a status hearing.

18 The parties jointly request that the Court continue the matter to June 15, 2010 at 9:00 a.m., and

19 that the Court exclude time under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv),

20 between the date of this stipulation and June 15, 2010.

21     On January 14, 2010, the Grand Jury charged Mr. Gates with possession with intent to

22 distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance

23 of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and felon in possession of

24 a firearm, in violation of 18 U.S.C. § 922(g). For the most serious offense – the § 924(c) charge

25 – Mr. Gates is subject to a mandatory minimum sentence of five years, and a statutory maximum

26 of life imprisonment. He also faces a statutory maximum sentence of five years for the drug

trafficking charge and a maximum of ten years for the felon-in-possession of a firearm charge. Mr. Gates made his initial appearance on January 27, 2010.

The current status of the case is that the parties are negotiating this matter and anticipate that there will be a negotiated disposition of this case. In the meantime, the defense has received discovery and needs additional time to review and process the materials provided, including evidence photos produced to the defense this week. The defense also needs time to discuss these discovery materials with Mr. Gates. Additionally, the defense has requested an opportunity to have an expert inspect a firearm recovered in this case before it is potentially altered following a government test-firing, and the government has agreed to allow a defense expert to inspect the firearm. The defense also requires additional time to investigate the circumstances of the offense and to collect Mr. Gates' prior conviction records to prepare an estimate of his anticipated Guidelines range. Finally, defense counsel will be out of town and unavailable from May 11 through May 25, 2010 and will not be in a position to work on this case during that time frame.

The requested continuance will allow the defense to complete its review of the discovery, to investigate the underlying facts of the case, to have an expert inspect evidence, and to obtain and review relevant criminal history records. For this reason, the parties agree that the failure to grant this continuance would unreasonably deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The parties also agree that because of defense counsel's unavailability for two weeks in May 2010, the failure to grant this continuance would unreasonably deny defendant continuity of counsel.

The parties further stipulate and agree that the ends of justice served by this continuance outweigh the best interest of the public and the defendant in a speedy trial. Accordingly, the parties agree that the period of time from the date of this Stipulation to June 15, 2010, should be excluded in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), for continuity of defense counsel and also for effective preparation of defense counsel, taking into account the exercise of due diligence.

1 | DATED: April 29, 2010               /S/
                                        SKYE DAVIS
2                                       Assistant United States Attorney

3

4 | DATED: April 29, 2010               /S/
                                        ANGELA M. HANSEN
                                        Assistant Federal Public Defender

5

6 |    I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.               /S/ ANGELA M. HANSEN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Stip. Req. To Continue Hearing Date and to
Exclude Time, No. CR-10-0039 SBA               3

**ORDER**

Based on the reasons provided in the stipulation of the parties above, the Court hereby FINDS:

1. Given defense counsel's need to complete her review of the discovery and to discuss it with her client, and given that the government has agreed to allow a defense expert to inspect a firearm recovered in this case;

2. Given that the defense needs additional time to investigate the underlying facts of the case and to obtain relevant records to calculate defendant's sentencing Guidelines range;

3. Given that these above-listed tasks are necessary to the defense preparation of the case and that the failure to grant the requested continuance would unreasonably deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence;

4. Given that defense counsel will be out of town and unavailable from May 11 through May 25, 2010 and will not be in a position to work on this case during those weeks, and that the failure to grant this continuance would unreasonably deny defendant continuity of counsel;

5. Given that the ends of justice served by this continuance outweigh the best interest of the public and the defendant in a speedy trial;

Based on these findings, IT IS HEREBY ORDERED that the STATUS date of May 4, 2010, scheduled at 9:00 a.m., before the Honorable Saundra Brown Armstrong, is vacated and reset for June 15, 2010, at 9:00 a.m. It is FURTHER ORDERED that time is excluded pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), from May 4, 2010 to June 15, 2010.

DATED: 5/3/10

HON. SAUNDRA BROWN ARMSTRONG
United States District Judge

Stip. Req. To Continue Hearing Date and to
Exclude Time, No. CR-10-0039 SBA        4